NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
CODMAN & SHURTLEFF, INC., :
: Civil Action No. 06-2414 (SDW)
Plaintiff, :
:
v. :
: **OPINION**
INTEGRA LIFESCIENCES CORP., :
: May 29, 2008
Defendant. :
_____ :

**WIGENTON,** District Judge.

Before the Court is the motion of plaintiff, Codman & Shurtleff, Inc. ("Codman") to bifurcate and stay discovery relating to willful patent infringement and damages as to all claims (Docket Entry No. 42). Defendant, Integra Lifesciences Corp., ("Integra") opposes this motion. This Court has considered the papers submitted in support of and in opposition to the motion. For the reasons expressed below, the Court will deny this motion without prejudice.

**I.   BACKGROUND**

In brief, this case involves a patent for collagen grafts used in neurosurgery. Codman is a seller of a graft product; Integra is the assignee of U.S. Patent No. 5,997,895. Codman filed suit seeking a declaratory judgment that Integra's patent is invalid and not infringed by Codman's graft product. Subsequently, Codman filed the instant motion.

**II.   DISCUSSION**

The parties do not dispute the basic principle that this Court decides a motion to bifurcate

pursuant to FED. R. CIV. P. 42(b):

> Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Because Rule 42(b) states that the Court "may" order a separate trial, this is a matter entrusted to this Court's discretion. Barr Laboratories, Inc. v. Abbott Laboratories, 978 F.2d 98, 115 (3d Cir. 1992). "[S]eparation of issues for trial is not to be routinely ordered." Lis v. Robert Packer Hospital, 579 F.2d 819, 824 (3d Cir. 1978) (quoting Advisory Committee note to the 1966 amendment of Rule 42(b)). Codman agrees that, as the moving party, it bears the burden of persuading the Court that it should exercise its discretion to order bifurcation based on considerations of convenience, avoidance of prejudice, and efficiency. (Pl.'s Br. at 3-4.) In the instant matter, Codman has not met this burden.

Codman's principal argument is that bifurcation is necessary to protect it from facing the "Quantum dilemma." Codman cites the Federal Circuit's decision in Quantum Corp. v. Tandon Corp., 940 F.2d 642, 643 (Fed. Cir. 1991), and argues that, "[a]bsent bifurcation, Codman will be faced with the Quantum dilemma: the choice between lawful assertion of the attorney-client privilege with respect to its opinion of counsel, and fully defending itself against a willful patent infringement count." (Pl.'s Br. at 2.) Codman contends that this Court should grant the motion to bifurcate in order to protect it from facing the Quantum dilemma at some point in the future.

The parties dispute the survival of the Quantum dilemma following the Federal Circuit's decision in Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337, 1344 (Fed. Cir. 2004), but this Court need not reach this question to rule on the matter before it:

2

Codman has not established the necessary foundation for application of Quantum.  In Quantum, the Federal Circuit stated:

> Proper resolution of the dilemma of an accused infringer who must choose between the lawful assertion of the attorney-client privilege and avoidance of a willfulness finding if infringement is found, is of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege. An accused infringer, therefore, should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found. Trial courts thus should give serious consideration to a separate trial on willfulness whenever the particular attorney-client communications, once inspected by the court in camera, reveal that the defendant is indeed confronted with this dilemma.

Quantum, 940 F.2d at 643-644.  The last sentence is crucial.  In the briefs submitted in support of this motion to bifurcate, Codman never requests that this Court review its attorney-client communications *in camera*.  Codman does not describe the content of the communications in question in any informative way.  Codman does not suggest to this Court what *might* be in the attorney-client communications.  At this juncture, Codman has not offered this Court the most basic information that would be required in order to meaningfully consider bifurcation under Quantum.

Instead, Codman raises the spectre of the eventual choice it *might* have to make, regarding whether to waive its attorney-client privilege to defend against a charge of willful infringement.  In a nutshell, Codman asks that this Court order bifurcation now so that it does not have to make this choice "prematurely."

Absent from this argument are facts or law in support.  As to the facts, again, Codman has offered none: this Court has no specific information about the communications in question.  As

3

to the law, Codman offers no legal basis for its claim that to choose at this point in the case is premature, nor for its implication that it is legally entitled to bifurcation as protection against premature choice. Codman does not point to where either <u>Quantum</u> or Rule 42(b) speak to either the issue of the timing of the choice (and, thus, prematurity) nor the issue of bifurcation as protection against premature choice. It is possible that, absent bifurcation, Codman may face a difficult strategic choice regarding waiver of privilege. Yet Codman has given this Court nothing but speculation to show that such a difficult choice is even likely, no less inevitable. Moreover, the critical rationale underlying <u>Quantum</u> and Rule 42(b) are the avoidance of prejudice, not protection against difficult choices. This Court finds nothing in the record before it that demonstrates that prejudice to Codman is probable, absent bifurcation. As Integra observes, Codman has not proposed an *in camera* review of the communications in question.

  Codman's speculation that, absent bifurcation, it might face a difficult choice regarding waiver of the attorney-client privilege fails to persuade this Court that it is likely to suffer prejudice that can be avoided by bifurcation. Because Codman has failed to meet this threshold, this Court need not engage in the balancing analysis, pursuant to Rule 42(b), of the issues of convenience, avoidance of prejudice, expedition, and economy.

  Moreover, in support, Codman cites Judge Wolfson's opinion in this district in <u>Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.</u>, 180 F.R.D. 254, 260 (D.N.J. 1997), but overlooks Judge Wolfson's clear statement that the bifurcation determination requires an *in camera* review: "a court faced with this issue must make an in camera review of the written opinion in question in order to determine whether disclosure would, in fact, prejudice the alleged infringing party on the issue of liability" (citing <u>Neorx Corp. v. Immunomedics, Inc.</u>, 28

U.S.P.D.Q. 2d (BNA) 1395, 1397 (D.N.J. 1993)).  Furthermore, in Neorx, the District Court remanded the case to the Magistrate for further proceedings because an *in camera* review had not yet been conducted:

> This court reads the Federal Circuit opinion as suggesting that once a defendant asserts that he is faced with the dilemma identified in Quantum, a trial court should inspect the defendant's attorney-client documents in camera to ascertain that the dilemma is legitimate. If the dilemma is real, Quantum suggests that bifurcation of the willfulness issue is an appropriate way to proceed.

Neorx at 1397.  Absent a request for *in camera* review, this Court cannot begin to ascertain whether Codman's invocation of the Quantum dilemma is legitimate.

### III.   CONCLUSION

For the reasons set forth above, the Court will deny without prejudice Codman's motion to bifurcate and stay discovery relating to willful patent infringement and damages as to all claims.

                                                s/ SUSAN D. WIGENTON
                                                United States District Judge

cc:   Hon. Madeline Cox Arleo, U.S.M.J.
      Clerk of the Court
      Parties